Beth S. Rose
**SILLS CUMMIS & GROSS P.C.**
The Legal Center
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

*Of counsel*
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, NW
Washington, DC 20005
(202) 898-5800

*Attorneys for Defendant Novartis*
*Pharmaceuticals Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHENIQUA BIVINS,**<br><br>Plaintiff,<br><br>v.<br><br>**NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS PHARMA GMBH, and NOVARTIS AG,**<br><br>Defendants. | **Civil Action No.:**<br><br>*Document electronically filed.*<br><br>**NOTICE OF REMOVAL** |

Defendant Novartis Pharmaceuticals Corporation ("NPC"), by filing this Notice of Removal and related papers, removes this action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, NPC states:

1.  On March 4, 2009, plaintiff filed a lawsuit against NPC in the Superior Court of New Jersey, Law Division, Atlantic County, captioned, *Sheniqua Bivins v. Novartis*

*Pharmaceuticals Corporation et al.*, Docket No. ATL-L-854-09 (the "State Court Action" or "Complaint").

2. NPC has not yet been served with the Complaint in the State Court Action. No proceedings have occurred in that action. A copy of the Complaint, is attached as Exhibit A.

3. The Superior Court of New Jersey, Law Division, Atlantic County is located within the District of New Jersey and, therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

4. The Complaint alleges that Plaintiff is a citizen and resident of the State of Texas. Complaint ¶ 6. (Ex. A).

5. NPC is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Therefore, NPC is a citizen of both the states of New Jersey and Delaware.

6. Upon information and belief, Novartis Pharma GmbH is, and has been at all relevant times, a German corporation with its principal place of business in Germany.

7. Upon information and belief, Novartis AG is, and has been at all relevant times, a Swiss corporation with its principal place of business in Switzerland.

8. Therefore, all parties are diverse under 28 U.S.C. § 1332(a).

9. The amount in controversy is clearly met in this case. The Complaint alleges that Sheniqua Bivins suffered cancer, specifically T-cell lymphoma, as a result of treatment with NPC's prescription topical cream Elidel®. Complaint ¶¶ 57-58. Sheniqua Bivins claims to have "suffered serious and permanent non-economic and economic injuries." Complaint ¶ 67. She further alleges that Defendants "knowingly withh[eld] material information from the FDA, the medical community and the public," and that "Defendants actively concealed knowledge of the

serious and permanent side effects and risks associated with the use of Elidel®." Complaint ¶¶ 94-95.

10. The Complaint seeks compensatory and punitive damages, together with attorneys' fees, costs of investigations, and all such other relief as the Court deems necessary. *Id.* at 21-22. The amount in controversy clearly exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between plaintiff and defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

12. Moreover, because NPC was not "properly joined and served" at the time of this removal, the forum defendant rule, 28 U.S.C. § 1441(b), does not bar removal to this Court. *See, e.g., Thomson v. Novartis Pharms. Corp.*, No. 06-6280, 2007 WL 1521138 (D.N.J. May 22, 2007); *Ripley v. Eon Labs Inc.*, No. 07-912, 2007 WL 2406806 (D.N.J. Aug. 16, 2007); *Frick v. Novartis Pharms. Corp.*, No. 05-5429, 2006 WL 454360 (D.N.J. Feb. 23, 2006). *But see, e.g., Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008).

13. This Notice is being filed within 30 days of NPC's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, as required by 28 U.S.C. § 1446(b) and therefore NPC has timely removed this action.

14. For the foregoing reasons, this Court has jurisdiction over this matter.

15. A copy of the written notice required by 28 U.S.C. § 1446(d), will be filed forthwith in the Superior Court of New Jersey, Law Division, Atlantic County, and served on plaintiff.

16. Upon information and belief, none of the other defendants have been served and are not required to join in the removal. *Rozance v. Norman*, No. 07--1758, 2008 WL 45258, *1

3

(W.D. Pa. Jan. 2, 2008) (co-defendants need not join in removal if they have not been served with the state court summons); *see also P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968); 16 *Moore's Federal Practice* § 107.11[1][d] (Matthew Bender 3d ed.).

Dated:  March 10, 2009                           Respectfully submitted,

/s/  Beth S. Rose
Beth S. Rose
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, NJ  07102-5400
(973) 643-7000

*Of counsel*:
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW
Washington, DC 20005
Telephone:  (202) 898-5800

*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

## **CERTIFICATE OF SERVICE**

I certify that on this 10th day of March 2009, I electronically filed the foregoing Notice of Removal with the Clerk of the Court by using the CM/ECF system, a true and correct copy of which will be sent electronically and via Federal Express to the following:

David Eisbrouch, Esq.
BALKIN & EISBROUCH, LLC
50 Main Street, Suite 6
Hackensack, NJ 07601

David P. Matthews, Esq.
Adam T. Funk, Esq.
MATTHEWS & ASSOCIATES
2905 Sackett Street
Houston, TX 77098

*Attorneys for Plaintiff*

/s/ Beth S. Rose
Beth S. Rose