(Not for publication)                                                                    (Docket Entry No. 5)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                                      :
SHENIQUA BIVINS,                         :
                                                      :
             Plaintiff,                  :        Civil No. 09-1087 (RBK/KMW)
                                                      :
             v.                             :        **OPINION**
                                                      :
NOVARTIS PHARMACEUTICALS   :
CORPORATION, et al.,                      :
                                                      :
             Defendants.              :
_____:

**KUGLER**, United States District Judge:

       This case, having been removed from the Superior Court of New Jersey by Defendant Novartis Pharmaceuticals Corporation ("NPC") comes before the Court on Plaintiff Sheniqua Bivins' motion to remand. Plaintiff argues that the removal of this case was improper because NPC violated the "forum defendant rule" contained in 28 U.S.C. § 1441(b). For the reasons set forth below, Plaintiff's motion to remand will be denied.

**I.  BACKGROUND**

       On March 4, 2009, plaintiff filed a lawsuit against NPC, Novartis Pharma GmbH, and Novartis AG in the Superior Court of New Jersey, Law Division, Atlantic County. Plaintiff, who brought this suit under the New Jersey Products Liability Act, alleges that the defendants engaged in wrongful conduct in connection with the manufacturing, distribution, and sale of their product Elidel.

1

On March 10, 2009, before any of the defendants had been served with the complaint, Defendant NPC removed the case to this Court.  The Notice of Removal stated that this Court had jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is a citizen of Texas.  (Complaint ¶ 6.)  NPC is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.  Novartis Pharma GmbH is a German corporation with its principal place of business in Germany.  Novartis AG is a Swiss corporation with its principal place of business in Switzerland.  (Notice of Removal ¶¶ 5-7.)

## II.  MOTION TO REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action.  "In diversity cases, section 1441(b) imposes another condition above the requirements of original diversity jurisdiction, known as the 'forum defendant rule.'"  Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008).  "Pursuant to section 1441(b), an action can be removed on the basis of diversity jurisdiction 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"  Id.

Here, the parties agree that the citizenship and amount in controversy requirements for diversity jurisdiction have been met.  They disagree, however, as to whether removal was improper based on the forum defendant rule.  NPC, relying on a literal interpretation of the rule, argues that removal was proper because it had not yet been served with the complaint when it filed its notice of removal.  Plaintiff argues that a literal interpretation of the rule is inconsistent with public policy and the intent of Congress.  Both Plaintiff and NPC cite decisions within this District to support their positions.  See Sullivan, 575 F. Supp. 2d at 643-47 (finding removal was

improper); Thomson v. Novartis Pharm. Corp., No. 06-6280, 2007 WL 1521138, at *4 (D.N.J. May 22, 2007) (finding removal was proper).

As this Court examines 28 U.S.C. § 1441(b), it will adhere to the following principles of statutory construction:

> The role of the courts in interpreting a statute is to give effect to Congress's intent. Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with plain language of the statute itself. Where the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result. Moreover, a court may depart from the plain language of a statute only by an extraordinary showing of a contrary congressional intent in the legislative history.

Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998) (internal citations omitted).

Here, the statutory language is clear: "removal is prohibited only where a defendant, who is a resident of the forum state, has been 'properly joined *and served*.'" Thomson, 2007 WL 1521138, at *4. Under the plain meaning of the statute, removal of this case was proper because NPC had not yet been served when it filed its notice of removal.

Plaintiff argues that a literal application of the statute would lead to a result that is absurd and inconsistent with Congressional intent. Plaintiff, relying on Sullivan, states that Congress, by including the "properly joined and served" language, intended to prevent plaintiffs from committing fraudulent joinder. See 575 F. Supp. 2d at 643. However, the Sullivan court acknowledged that it was unable to locate "a specific statement from Congress [or] from the advisory Committee on Revision of the Judicial Code . . . regarding the addition of the 'properly joined and served' language." Id. at 644. Instead, the Sullivan court relied on "the historical

3

development of the policy of the remand provisions, the practical application of the 'joined and served' provision by district courts in recent decisions, and common sense." Id.  This Court, however, in the absence of "an extraordinary showing of a contrary congressional intent in the legislative history," see Idahoan Fresh, 157 F.3d at 202, is reluctant to ignore the plain meaning of 28 U.S.C. § 1441(b).

Plaintiff also makes the policy argument that courts should not reward defendants who monitor electronic dockets and remove cases before plaintiffs have a chance to serve them. However, "these arguments alone are insufficient to overcome the requirement that this Court give meaning to the plain language of the statute."  Thomson, 2007 WL 1521138, at *4; see also North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1269-70 (M.D. Fla. 2009) ("Although Congress may not have anticipated the possibility that defendants could actively monitor state court dockets to quickly remove a case prior to being served . . . such a result is not so absurd as to warrant reliance on 'murky' or non-existent legislative history in the face of an otherwise perfectly clear and unambiguous statute.").  As the Precision Airmotive court noted, "if Congress intends a different result, 'it is up to Congress rather than the courts to fix it.'" 600 F. Supp. 2d at 1270 (quoting Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 565 (2005)).

## III.  PLAINTIFF'S REQUEST FOR FEES AND COSTS

Plaintiff has also requested costs, expenses and fees pursuant to 28 U.S.C. § 1447(c). This statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As this Court is not remanding the case, Plaintiff is not entitled to costs, expenses and fees.

**IV.  CONCLUSION**

       For the foregoing reasons, Plaintiff's motion to remand is denied.  An accompanying order shall issue today.


Dated:  8-10-09                                          /s/ Robert B. Kugler
                                                                           ROBERT B. KUGLER
                                                                           United States District Judge