NOT FOR PUBLICATION                                                              Docket No. 20

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
SHENIQUA BIVINS,                    :
                                    :
            Plaintiff,              :   Civil No. 09-1087 (RBK/KMW)
                                    :
      v.                            :   **OPINION**
                                    :
NOVARTIS PHARMACEUTICALS            :
CORPORATION, et al.,                :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This case comes before the Court on Plaintiff Sheniqua Bivins' motion to remand based on new facts. This Court previously denied Plaintiff's first motion to remand on August 10, 2009. Plaintiff now argues that subject matter jurisdiction was destroyed after subsequently serving Defendant Novartis Pharmaceuticals Corporation ("NPC"), thereby making removal of this case improper under the "forum defendant rule" contained in 28 U.S.C. § 1441(b). For the reasons discussed below, Plaintiff's motion to remand is denied.

**I.  BACKGROUND**

The Court previously reviewed this case's background, so only a brief factual update is required. See Bivins v. Novartis Pharms. Corp., No. Civ. 09-1087, 2009 U.S. Dist. LEXIS 70698, at *1 (D.N.J. 2009). After the Court denied Plaintiff's motion to remand, Plaintiff served NPC with the Complaint on October 12, 2009. Service was 216 days after NPC filed for

removal on March 10, 2009.

## II. DISCUSSION

An action filed in state court can be removed to a federal court by the defendant on the basis of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is known as the "forum defendant rule." Sullivan v. Novartis Pharm. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008). As this Court previously determined, the forum defendant rule does not apply here and removal of this case is proper because Plaintiff did not serve NPC with the Complaint by the time it filed the Notice of Removal on March 10, 2009. See Bivins, 2009 U.S. Dist. LEXIS 70698, at *4.

Under well-established case law, a court must decide a motion to remand upon the facts present at the time the petition for removal from state to federal court is filed. See Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Therefore, although Plaintiff eventually served NPC with the Complaint, this belated service is irrelevant since it occurred 216 days after NPC filed the Notice of Removal. The Plaintiff fails to present any new information that would give this Court a legal or factual basis for finding removal improper.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand based on new facts. An accompanying Order shall follow.


Dated:   4-12-10                                              /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge